```
REICH REICH & REICH, P.C.
Attorneys for Debtors
235 Main Street, Suite 450
White Plains, New York 10601
(914) 949-2126
By: Lawrence R. Reich

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re:
                                        Chapter 11
     SAMUEL RONDA and                   Case No.
     SILVIA RONDA,                      08-B-22740(RDD)

                    Debtors.
------------------------------------X
```

**FOURTH AMENDED DISCLOSURE STATEMENT**

**I. INTRODUCTION**

Samuel Ronda and Silvia Ronda ("Debtors") provide this Disclosure Statement ("Statement") to all their known creditors in order to disclose the information deemed by the Debtors to be material, important and necessary for their creditors to arrive at a reasonably informed decision in exercising their right to vote on their Second Amended Plan of Reorganization ("Plan"), a copy of which is annexed hereto as Exhibit A. Capitalized terms here shall have the same meaning as ascribed to them in the Plan.

By Order dated _____, the Court has determined that this Statement contains adequate information that will permit creditors to make an informed judgment about the Plan. However, Court approval of the Statement does not constitute a recommendation as to the merits of the Plan.

The Court has set _____, at _____ a.m., for a hearing on the acceptance or rejection and confirmation of the Plan. Creditors may

vote on the Plan by filling out and returning the accompanying ballot to Reich Reich & Reich, P.C., Attorneys for the Debtors, Suite 450, 235 Main Street, White Plains, New York 10601 by the voting deadline stated on the ballot.  Your vote is important.  The Plan can be confirmed by the Court if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in classes 1 (secured claims) and 3 (unsecured claims) who actually vote.  A description of classes 1 and 3 appears below.

Under 11 U.S.C. §1129(a)(15) in a case in which there are, as here, individual debtors and a holder of an unsecured claim (such as those in class 3 of the Plan) objects to confirmation of the Plan, the Court cannot confirm a plan unless:

> (a)  The value, as of the effective date of the Plan, of the property to be distributed under the Plan or account of such claim is not less than the amount of such claim; or
>
> (b)  The value of the property to be distributed under the Plan is not less than the projected disposable income of the Debtors to be received during the 5 year period beginning on the date the first payment is due under the Plan, or during the period for which the plan provides payments, whichever is longer.

The Plan in this case meets the above statutory requirement since class 3 unsecured creditors will be paid in full by payment made over a 6 year period.

No representations concerning the Debtors, their future income and the value of their property other than as are set forth in this

Statement are authorized by the Debtors. No representations or inducements made to secure your acceptance which are other than as contained herein should be relied upon by you in arriving at your decision and any such additional representations and inducements should be reported to Reich Reich & Reich, P.C., the attorneys for the Debtors, which in turn shall deliver such information to the United States Trustee's Office and to the Bankruptcy Court for such action as may be deemed appropriate.

The information contained in this Statement has not been subject to a certified audit. However, every reasonable effort has been made to present accurate figures.

**BACKGROUND**

The Debtors filed a voluntary petition for reorganization pursuant to Chapter 11 of the U.S. Bankruptcy Code on May 23, 2008. The Debtors are the owners of all of the corporate stock of a New York corporation known as Advanced Medical Billing Systems, Inc. ("Advanced Medical") which has an office address of 445 South Pascack Road, Chestnut Ridge, New York. Advanced Medical is engaged in the business of acting as a consultant for the provision of billing and collection services as an independent contractor to health care organizations. It is owned by Silvia Ronda (60% ownership interest) and Samuel Ronda (40% ownership interest). In addition, Samuel Ronda works in park security for the Town of Ramapo, Clarkstown Center.

In the schedules filed together with their Chapter 11 petition the Debtors listed the assets set forth in Exhibit B annexed hereto. The Debtors know of no reason to update their schedules.

The filing of this Chapter 11 case was necessitated due to the inability of the Debtors to meet their debts as they became due, particularly by virtue of a foreclosure action against the Debtors' home (located at 445 South Pascack Road, Chestnut Ridge, New York) (the "Property") by Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 and enforcement action by IRS of a tax lien against Debtors' Property. The protection afforded under Title 11, United States Code has provided the Debtors with the opportunity to reorganize their financial affairs and to pay their debts over time as allowed by the Bankruptcy Code.

### **DESCRIPTION OF THE PLAN**

The Plan provides for the creation of three classes of claims to be paid in the following manner:

Class 1: Secured claims as to mortgages which are liens against the Property of the Debtors shall be paid in full according to the applicable contract terms. However, arrears on those secured claims shall be paid in full, with interest at the contract rate in seventy two (72) monthly installments, beginning fifteen (15) days after confirmation of the Plan.

By agreement between the Internal Revenue Service ("IRS") and the Debtors, secured taxes owed to IRS totaling $177,652.76, will be paid in full, with interest in 72 monthly payments in the amount of $2,944.22 each, beginning fifteen (15) days after the confirmation of the plan.

By agreement between the State of New York Department of Taxation and Finance ("NYS") and the Debtors, secured taxes, in the amount of $53,663.63, will be paid in full, with interest over 72 months in the amount of $914.91 beginning fifteen (15) days after the confirmation of the plan.

The Debtors may accelerate any or all payments to the secured creditors at their option.

This class is impaired and entitled to vote to accept or reject the Plan.

Class 2: Tax claims of governmental units entitled to priority under 11 U.S.C. § 507(a)(8) will be paid in full, together with statutory interest. By agreement between IRS and Debtors, the tax claim of IRS entitled to priority in the amount of $3,143.17 will be paid upon the effective date of the Plan. By agreement between NYS and Debtors the tax claim entitled to priority in the amount of $2,690.73 will be paid upon the effective date of the Plan.

The amount of any tax within this class that is unassessed at the date of confirmation will be determined in the manner and by the administrative or judicial tribunals in which the amount would have been determined had the reorganization case not been commenced. When and if any such amount is determined and assessed it will be paid pursuant to the provisions of this class.

The Debtors may further accelerate any or all payments to this class at their option.

This class is not impaired.

Class 3:  Class 3 consists of unsecured claims not included in any other Class.  Class 3 creditors will be paid in full, without interest, in seventy-two (72) monthly installments, beginning fifteen (15) days after confirmation of the Plan.

The Debtors may further accelerate any or all payments at their option.

This class is impaired and entitled to vote to accept or reject the Plan.

Class 4: Class 4 consists of the Debtors' ownership interests in their Property.  The Debtors will retain their property, including the Property, except as provided in the Plan.  This Class is impaired but is not entitled to vote on the Plan.

**IMPAIRMENT**

Pursuant to 11 U.S.C. § 1124 a class of claims is considered "impaired" under a Chapter 11 plan unless, with respect to each claim within such class, such plan: (i) leaves unaltered the legal, equitable or contractual rights to which such claim entitles the holder thereof, (ii) reinstates the pre-petition terms and conditions incident to such claims and cures all defaults, or (iii) provides for the payment in cash of the allowed amount of such claim on the effective date of the plan.

If you hold a claim in impaired class 1 (secured claims) or class 3 (unsecured claims) a ballot form for your vote is included with this Statement.

Class 1 is impaired under the Plan.

Class 2 is not impaired under the Plan.

Class 3 is impaired under the Plan.

Class 4 is impaired under the Plan.

**TREATMENT OF CLAIMS**

<u>Secured Claims (Class 1)</u>: Class 1 consists of secured claims. There are four secured claims: (a) Claim number 4 filed by the Option One Mortgage Corporation; (b) claim number 9 filed by IRS; (c) claim number 3 filed by NYS; and (d) claim number 11 filed by Chase Home Finance.

Option One Mortgage Corporation has a valid secured claim in the amount of $796,448.51 by virtue of its mortgage on the Debtors' Property. The claim represents the Debtors' first mortgage. The amount includes arrears in the amount of $131,700.09. The arrears will be paid in full with interest at the contract rate of 4.74% in monthly installments over seventy-two (72) months from the date of confirmation of the Plan. The monthly payment will be $2,088.80 and the first payment will be made fifteen (15) days after confirmation of the Plan. Interest shall continue to accrue in accordance with the loan terms.

The Internal Revenue Service has a valid secured claim against the Debtor's Property in the amount of $177,652.76 by virtue of the claim filed on July 9, 2008 in the total amount of $181,461.70, representing income taxes for the years 2003, 2004, 2005 and 2006. The claim will be paid in full with interest in 72 monthly payments in the amount of $2,944.22 each, beginning fifteen (15) days after the confirmation of the Plan.

The New York State Department of Taxation and Finance has a valid secured claim in the amount of $53,663.63 by virtue of the claim filed on June 6, 2008 in the total amount of $56,900.71, representing income taxes for the years 2003, 2004 and 2005.  The claim will be paid in full with interest in 72 monthly payments in the amount of $914.91, beginning fifteen (15) days after the confirmation of the Plan.

Chase Home Finance has a secured claim in the total amount of $200,780.85 by virtue of claim number 11 filed on October 10, 2008. The claim represents a second mortgage/home equity line of credit on the Debtors' Property.  The foregoing amount includes arrears in the amount of $26,404.74.  The arrears will be paid in full, with interest at the contract rate of 8.76%, in monthly installments over a seventy-two (72) month period from the date of confirmation of the Plan.  The monthly payment will be $472.82 and the first payment will be made fifteen (15) days after confirmation of the Plan.  Interest shall continue to accrue in accordance with the loan terms.

Administration Claims:  The Debtors are presently current in the payment of all administration expenses.  Any administration claims will be paid by the Debtors in cash on confirmation or upon such terms as may be agreed upon.  The Debtors expect that the only administration claimant will be the Debtors' attorneys, Reich Reich & Reich, P.C., with an estimated claim of $31,000.00 less the initial retainer of $5,000.00. This Claim is subject to Court approval and payment will not be required on confirmation but will be made upon agreed terms.

Priority Tax Claims (Class 2):  Class 2 consists of the Claims of the IRS entitled to priority under 11 U.S.C. §507(a)(8).

The IRS is owed priority income taxes in the amount of $3,143.17 for the years 2003, 2004, 2005 and 2006.  Interest will continue to accrue until these priority taxes are paid.  This claim will be paid upon the effective date of the Plan.

The New York State Department of Taxation and Finance is owed priority income taxes in the amount of $2,690.73 for the year 2006.  Interest will continue to accrue until these priority taxes are paid.  This claim will be paid upon the effective date of the Plan.

11 U.S.C. §507(a)(8) provides that priority extends to all periods that have ended before the date of the filing of the Chapter 11 case and to periods open for additional assessment.  In recognition of this, the Plan provides that any unassessed liabilities for pre-petition years entitled to priority are to be determined as if there were no Chapter 11 case but that any amount so determined would be paid pursuant to the Plan.

<u>Other Unsecured Claims (Class 3)</u>:  Class 3 consists of Unsecured Claims not included in any other class.  The creditors with claims in this Class are as follows:

```
Claim number 1:   Capital One Bank, in the amount
                     of $884.18;
Claim number 2:   Capital One Bank (USA), N.A. in the amount
                     of $5,961.03;
Claim number 3:   New York State Department of Taxation and
                     Finance, in the amount of $546.35;
Claim number 6:   American Express Bank, N.A.
                     in the amount of $11,300.70;
Claim number 7:   American Express Bank, N.A.
                     in the amount of $13,333.78;
Claim number 8:   Sallie Mae ECFC
                     in the amount of $53,058.41;
Claim number 9:   Internal Revenue Service in the amount
                     of $665.77;
Claim number 10:  GE Money Bank
                     in the amount of $718.72;
```

Other creditors that were listed in Schedule F filed with the Debtors' bankruptcy petition that have not filed claims but whose claims in the following amounts are not disputed are as follows:

> Applied Bank in the amount of $1,683.00 (for acct. no. 4227 0972 4393 3855);
> Shop NBC in the amount of $780.00 (for acct. no. 6045 7710 0129 0428);
> Traveler's Insurance in the amount of $611.17 (for acct. no. 977204089); and
> Vicenta Chi in the amount of $22,293.00.

The total amount owed to class 3 creditors is $111,836.11. Class 3 creditors will be paid in full, without interest, in seventy-two (72) monthly installments in the amount of $1,553.28. The first payment will be made fifteen (15) days after confirmation of the Plan.

<u>Debtors' Ownership Interest (Class 4)</u>: The Debtors will retain their ownership of their property, including the Property, except as provided in the Plan and subject to their obligations under the Plan.

## **FUNDING THE PLAN**

The amount of cash necessary to be paid within 30 days of Confirmation of the Plan is $13,807.93 calculated as follows:

1. $6,420.75 payable within 15 days after confirmation of the Plan for payment of the first monthly installment to the Class 1 secured claims.

2. $5,833.90 paid on the effective date of the Plan for payment of the class 2 unsecured priority tax claims.

3. $1,553.28 payable within 15 days of confirmation for the Plan payment of the first monthly installment to the class 3 unsecured creditors.

The Debtors' financial affairs have been reorganized and they are now meeting all current obligations. They will remain in possession of all their property and no outside financing is being sought or contemplated. They intend to fund their Plan from their earnings.

The Debtors' current earnings are as follows:

Samuel Ronda: $1,830.60 per month averaged over the course of a year since his employment is seasonal – when he is not working he is entitled to draw unemployment benefits at the rate of $300.00 per week; $21,967.20 per year (projected).

Silvia Ronda: $46,452.36 per month; $552,428.29 per year (projected)

## PREFERENTIAL PAYMENT/FRAUDULENT CONVEYANCE ANALYSIS

An analysis of the Debtors' financial records by the Debtors and the Debtors' counsel does not disclose the existence any potential preference and/or fraudulent conveyance actions.

## POTENTIAL MATERIAL FEDERAL TAX CONSEQUENCES TO THE DEBTORS

The Debtors may realize cancellation of indebtedness income ("COD income") as a consequence of cancellation of the unsecured claims. Since any such COD income would occur in this bankruptcy case, the Debtors will be able to exclude any such COD from gross income under Section 108(a) of the Tax Code, but will be required to reduce the tax attributes as of the beginning of the tax year following the year in which such COD is realized.

## OTHER FINANCIAL INFORMATION
## CONCERNING THE DEBTOR

For other financial information concerning the Debtors, reference may be made to the following annexed additional exhibits:

    Exhibit A:  Plan
    Exhibit B:  Liquidation analysis;
    Exhibit C:  Balance Sheet;
    Exhibit D:  Pro Forma Balance Sheet;
    Exhibit E:  Estimated Post Petition Income and Expenses.

## RETENTION OF JURISDICTION
## BY THE COURT

Subject to the provisions of Article IV (3), the Court will retain jurisdiction until the Plan has been fully consummated including but not limited to the following purposes:

1.  The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to creditors' claims.  The failure by the Debtors to object to or examine any claim for the purpose of voting shall not be deemed to be a waiver of the Debtors' right to object to or re-examine the claim in whole or in part.

2.  Determination of all questions and disputes regarding title to the assets of the estate and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtors and any other party, including but not limited to any right of the Debtors to recover assets pursuant to the provisions of Title 11 of the United States Code.

3.     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan, or the order of confirmation of the Plan, as may be necessary to carry out the purposes and intent of the Plan.

4.     The modification of the Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

5.     To enforce and interpret the terms and conditions of the Plan.

6.     Entry of any order, including injunctions, necessary to enforce the title, rights, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Court may deem necessary.

7.     Entry of an Order that as of the Confirmation Date all Persons shall be permanently enjoined on or after the Confirmation Date from commencing or continuing in any manner any action or other proceeding of any kind with respect to any claim against the Debtors.

8.     Entry of an Order granting the Debtors discharge upon performance of all their duties and obligations under the Plan.

**The Debtors will be seeking an injunction protecting the Debtors and their assets, except as provided in the Plan, until the entry of an order by the Court granting the Debtors a discharge upon performance of all their duties and obligations under the Plan.  The injunction will be sought because under Bankruptcy Code [11 U.S.C. §1141(d)(5)] where, as here, the debtors in a Chapter 11 case are individuals, confirmation of the plan does not discharge any debt provided for in a plan until the Court grants a discharge upon completion of all payments under a plan.**

**Therefore, at the confirmation hearing the Debtors will request the Court to enter a confirmation order providing that, as of the confirmation date, as to every holder of debt or claims against the Debtors, the holder of such debt or claim shall be enjoined from interfering with the Debtors' ability to carry out the terms of the Plan. The order will further provide that in the event of a default by the Debtors under the Plan a creditor may make the appropriate applications with the Court seeking relief from the injunction.**

    9.    Entry of an order concluding and terminating this case.

Dated: White Plains, New York
       February 2, 2011

| | |
|---|---|
| /s/ Samuel Ronda | /s/ Silvia Ronda |
| Samuel Ronda, Debtor | Silvia Ronda, Joint Debtor |